ROBIN VINIK (8599)
719 8th AV Apt 2C
BELMAR NJ 07719
908-768-8783
Lay Co- Council for
AILYN K. URUZA, Pro Se

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AVON MUNICIPAL COURT    :
    :
    :
   v.    :
    :
    :
AILYN K. URUZA    :    NOTICE OF REMOVAL

---

## APPENDIX
### TABLE OF CONTENTS

|                                          | PAGE  |
|------------------------------------------|-------|
| TICKETS                                  | 1-3   |
| MOTION                                   | 4-5   |
| DEMAND                                   | 6-7   |
| SUPERIOR COURT ORDER                     | 8-9   |
| LETTER MOTION TO N.J. APPELLATE DIVISION | 10-17 |
| BRIEF SUBMITTED TO STATE COURT           | 18-30 |

| COURT I.D. | PREFIX | TICKET NUMBER | MUNICIPAL COURT |
|---|---|---|---|
| 1306 | ABS | 024473 | AVON-BY-THE-SEA<br>701 Main Street<br>Bradley Beach, NJ 07720 |

**YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THIS COURT TO ANSWER THIS COMPLAINT CHARGING YOU WITH THE OFFENSE LISTED:**

Driver's Lic. No.: 1 7 7 7 5 9 2 2 5

Exp. Date: 5/02 State: CT ☐ Commercial License

**THE UNDERSIGNED CERTIFIES THAT**

Name: First AILYN   Initial K   Last URZUA   (Please Print)

Address: 1022 BLVD 320

City: WEST HARTFORD   State: CT   Zip Code: 0669   Telephone: ☐ Check if cell phone

Email Address:   Restrictions:

Birth Date: 3/19/18   Eyes:   Sex: F   Height:   Ethnicity:   Race:

**DID UNLAWFULLY (PARK) (OPERATE) A**

Make of Vehicle: FORD   Year: 08   Body Type: 4DR   Color: GY   ☐ Commercial Vehicle ☐ Omnibus ☐ Hazardous Material ☐ Out of Service

License Plate No.: AL92230   State: CT   Exp. Date: 92/10/2019

Offense Date: Month 7   Day 16   Year 2023   Time 10:16 AM

LOCATION OF OFFENSE: Describe Location 000 BLK MAIN ST

Municipality: AVON-BY-THE-SEA   County: Monmouth   Mun. Code (Offense): 1 3 0 6

**AND DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE (ONE CHARGE PER COMPLAINT)**

**TRAFFIC OFFENSES - (check one) - TITLE 39:**

☐ 3-4 Unregistered vehicle
☐ 6B-2 No liability insurance coverage
☐ 3-29 Failure to exhibit documents
  ☐ D.L. or ☐ REG. or ☐ INS
☐ 3-33 Unclear plates
☐ 3-40 Driving after DL/Reg Suspended
☐ 3-66 Maintenance of lamps
☒ 4-98 Speeding 42 MPH in a 30 MPH Zone

☐ 3-74 Obstruction of windshield
☐ 3-76.2f Failure to wear seatbelt
☐ 4-81 Failure to observe signal
☐ 4-97 Careless driving
☐ 4-97.3 Use of hand-held device
☐ 4-144 Failure to stop or yield
☐ 8-1 Failure to inspect

**IN EXCESS OF SPEED LIMIT BY:**

☐ 1-9 MPH ☐ 10-14 MPH ☐ 15-19 MPH ☐ 20-24 MPH ☐ 25-29 MPH ☐ 30-34 MPH
☐ 65 MPH Zone ☐ Safe Corridor ☐ Construction Zone

**PARKING OFFENSE**

☐ Overtime Meter No.   ☐ Prohibited Area   ☐ Double

**OTHER TRAFFIC/PARKING OFFENSE (Describe)**

Statute No. 39:4-98   Ordinance / Code No.

The undersigned further states that there are just and reasonable grounds to believe that you committed the above offense and will file this complaint in the court complaining you with the offense.

Month 7   Day 16   Year 2023

Signature of Complaining Witness:

Officer's ID. No.: 110

**NOTICE TO APPEAR**

☐ COURT APPEARANCE REQUIRED   COURT DATE: Month 8   Day 15   Year 2023   Time 11:— AM/PM

☐ Accident ☐ Prop. Damage ☐ Alcohol ☐ Drugs ☐ Bodily Injury ☐ Death/Serious Bodily Injury

| CONDITIONS | | | |
|---|---|---|---|
| AREA | ☒ Business | ☐ School | ☐ Residential | ☐ Rural |
| ROAD | ☒ Dry | ☐ Wet | ☐ Snow | ☐ Ice |
| TRAFFIC | ☒ Light | ☐ Medium | ☐ Heavy | |
| VISIBILITY | ☐ Clear | ☐ Rain | ☐ Snow | ☐ Fog |

Equipment: ☐ Speed Measurement Device ☐ Pace ☐ DRE ☐ EBTD ☐ Blood Test ☐ Urine Test

Equipment Operator's Name: 86110   Operator ID No.: B623   Unit Code:

Rev. 4/14/21   DEFENDANT'S COPY   UTT-1

| COURT I.D. | PREFIX | TICKET NUMBER | MUNICIPAL COURT |
|---|---|---|---|
| 1306 | ABS | 024474 | AVON-BY-THE-SEA |

701 Main Street
Bradley Beach, NJ 07720

**YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THIS COURT TO ANSWER THIS COMPLAINT CHARGING YOU WITH THE OFFENSE LISTED:**

Driver's Lic. No.  1 7 7 7 5 9 2 2 5

Exp Date 5/28/28   State CT   ☐ Commercial License

**THE UNDERSIGNED CERTIFIES THAT**

Name: First AILYN   Initial K.   Last URZUA  (Please Print)

Address: 1022 BLVD 320

City: WEST HARTFORD CT   State CT   Zip Code 06119   Telephone   ☐ Check if cell phone

Email Address   Restrictions

Birth Date 5/1/91   Eyes   Sex F   Height   Ethnicity   Race

**DID UNLAWFULLY (PARK) (OPERATE) A**

Make of Vehicle FORD   Year 2019   Body Type G4   Color G4
☐ Commercial Vehicle
☐ Omnibus
☐ Hazardous Material
☐ Out of Service

License Plate No. AL92230   State NJ   Exp. Date 12/10/2019

Offense Date   Month 7   Day 16   Year 2023   Time 10:16 ☐AM ☐PM

LOCATION OF OFFENSE   Describe Location 000 BLK MAIN ST

Municipality AVON-BY-THE-SEA   County Monmouth   Mun. Code (Offense) 1 3 0 6

**AND DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE (ONE CHARGE PER COMPLAINT)**

**TRAFFIC OFFENSES - (check one) - TITLE 39:**

☐ 3-4  Unregistered vehicle
☐ 6B-2 No liability insurance coverage
☐ 3-29 Failure to exhibit documents
　　☐ D.L. or ☐ REG. or ☐ INS
☐ 3-33 Unclear plates
☐ 3-40 Driving after DL/Reg Suspended
☐ 3-66 Maintenance of lamps
　　☐ 4-98 Speeding _____ MPH in a _____ MPH Zone

☐ 3-74  Obstruction of windshield
☐ 3-76.2f Failure to wear seatbelt
☐ 4-81  Failure to observe signal
☐ 4-97  Careless driving
☐ 4-97.3 .Use of hand-held device
☐ 4-144 Failure to stop or yield
☐ 8-1  Failure to inspect

**IN EXCESS OF SPEED LIMIT BY:**

☐ 1-9 MPH ☐ 10-14 MPH ☐ 15-19 MPH ☐ 20-24 MPH ☐ 25-29 MPH ☐ 30-34 MPH
☐ 65 MPH Zone   ☐ Safe Corridor   ☐ Construction Zone

**PARKING OFFENSE**

☐ Overtime Meter No.   ☐ Prohibited Area   ☐ Double

**OTHER TRAFFIC/PARKING OFFENSE (Describe)**

Statute No. 39.3-4   Ordinance / Code No.

The undersigned further states that there are just and reasonable grounds to believe that you committed the above offense and will file this complaint in the court charging you with that offense.

Month 7   Day 16   Year 2023

Signature of Complaining Witness

Officer's ID. No.  1 1 0

**NOTICE TO APPEAR**

☐ COURT APPEARANCE REQUIRED   COURT DATE   Month 8   Day 15   Year 2023   Time 11:~ ☐AM ☐PM

☐ Accident ☐ Prop. Damage ☐ Alcohol ☐ Drugs ☐ Bodily Injury ☐ Death/Serious Bodily Injury

| CONDITIONS | | | | |
|---|---|---|---|---|
| AREA | ☑ Business | ☐ School | ☐ Residential | ☐ Rural |
| ROAD | ☑ Dry | ☐ Wet | ☐ Snow | ☐ Ice |
| TRAFFIC | ☑ Light | ☐ Medium | ☐ Heavy | |
| VISIBILITY | ☐ Clear | ☐ Rain | ☐ Snow | ☐ Fog |

Equipment   ☐ Speed Measurement Device ☐ Pace ☐ DRE ☐ EBTD ☐ Blood Test ☐ Urine Test
Equipment Operator's Name   Operator ID No.   Unit Code

Rev. 4/14/21   DEFENDANT'S COPY   UTT-1

| COURT I.D. | PREFIX | TICKET NUMBER | MUNICIPAL COURT |
|---|---|---|---|
| 1306 | ABS | 024475 | AVON-BY-THE-SEA 701 Main Street Bradley Beach, NJ 07720 |

**YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THIS COURT TO ANSWER THIS COMPLAINT CHARGING YOU WITH THE OFFENSE LISTED:**

Driver's Lic. No. | 1 7 7 7 5 9 2 2 5

Exp. Date 5/2022 State CT ☐ Commercial License

**THE UNDERSIGNED CERTIFIES THAT**

Name First AILYN Initial R Last URZUA (Please Print)

Address 1022 BLVD 320

City WEST HAMILTON State CT Zip Code 06614 Telephone ☐ Check if cell phone

Email Address | Restrictions

Birth Date 5/19/19 | Eyes | Sex F | Height | Ethnicity | Race

**DID UNLAWFULLY (PARK) (OPERATE) A**

Make of Vehicle FORD | Year 215 | Body Type 40R | Color GY
☐ Commercial Vehicle
☐ Omnibus
☐ Hazardous Material
☐ Out of Service

License Plate No. AL92230 | State CT | Exp. Date 12/10/2019

Offense Date | Month 7 | Day 16 | Year 2023 | Time 10:16 ☐ AM ☐ PM

LOCATION OF OFFENSE | Describe Location 000 BLK MAIN ST

Municipality AVON-BY-THE-SEA | County Monmouth | Mun. Code (Offense) 1 3 0 6

**AND DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE (ONE CHARGE PER COMPLAINT)**

**TRAFFIC OFFENSES - (check one) - TITLE 39:**

☐ 3-4  Unregistered vehicle
☐ 6B-2 No liability insurance coverage
☐ 3-29 Failure to exhibit documents
  ☐ D.L. or ☐ REG. or ☐ INS
☐ 3-33 Unclear plates
☐ 3-40 Driving after DL/Reg Suspended
☐ 3-66 Maintenance of lamps
☐ 4-98 Speeding _____ MPH in a _____ MPH Zone

☐ 3-74  Obstruction of windshield
☐ 3-76.2f Failure to wear seatbelt
☐ 4-81  Failure to observe signal
☐ 4-97  Careless driving
☐ 4-97.3 Use of hand-held device
☐ 4-144 Failure to stop or yield
☐ 8-1   Failure to inspect

**IN EXCESS OF SPEED LIMIT BY:**

☐ 1-9 MPH ☐ 10-14 MPH ☐ 15-19 MPH ☐ 20-24 MPH ☐ 25-29 MPH ☐ 30-34 MPH
☐ 65 MPH Zone ☐ Safe Corridor ☐ Construction Zone

**PARKING OFFENSE**

☐ Overtime Meter No. | ☐ Prohibited Area | ☐ Double

**OTHER TRAFFIC/PARKING OFFENSE (Describe)**

Statute No. 3:4-127 | Ordinance / Code No.

The undersigned further states that there are just and reasonable grounds to believe that you committed the above offense and will file this complaint in the court charging you with that offense.

Month 7 | Day 16 | Year 2023

Signature of Complaining Witness | Officer's I.D. No. 8 6 1 1 0

**NOTICE TO APPEAR**

☐ COURT APPEARANCE REQUIRED | COURT DATE Month 9 | Day 5 | Year 2023 | Time 11: ☐ AM ☐ PM

☐ Accident ☐ Prop. Damage ☐ Alcohol ☐ Drugs ☐ Bodily Injury ☐ Death/Serious Bodily Injury

| CONDITIONS | | | | |
|---|---|---|---|---|
| AREA | ☐ Business | ☐ School | ☐ Residential | ☐ Rural |
| ROAD | ☐ Dry | ☐ Wet | ☐ Snow | ☐ Ice |
| TRAFFIC | ☐ Light | ☐ Medium | ☐ Heavy | |
| VISIBILITY | ☐ Clear | ☐ Rain | ☐ Snow | ☐ Fog |

Equipment ☐ Speed Measurement Device ☐ Pace ☐ DRE ☐ EBTD ☐ Blood Test ☐ Urine Test
Equipment Operator's Name | Operator ID No. | Unit Code

Rev. 4/14/21 | DEFENDANT'S COPY | UTT-1

COPY

AVON BY THE SEA MUNICIPAL COURT
701 MAIN STREET
BRADLEY BEACH NJ 07720

| | | |
|---|---|---|
| STATE OF NEW JERSEY | ] | NOTICE OF |
| V. | ] | MOTION TO DISMISS |
| AILYN K URUZA | ] | Ticket Nos 024473, |
| | | 024474 and 024475 |

Motion To Dismiss or complete discovery for the following discovery items requested that were not provided for ticket No 024473

1,     The speed limit reported by the officer is a refutable presumption. Defendant rebutted it by requesting supporting speed study by the DOT for the state highway where the ticket was issued. It was not provided.

2,     The case law defining the speed measuring device as a scientific device pursuant to State v. Boyington 153 NJ Super 252 (1977)  A case after the case provided in discovery presented.. State v. Dantonio (1955)

3.     Officers log book showing tickets for speeding on 7/16/2023

4.     List of any discipline against this officer relating to failure to be truthful or discrepancy of use of any speed measuring device for the 24 months prior to7/16/2023

5.     Repair history of the speed measuring device for the 24 months prior to7/16/2023. See State v. Green throughout for discovery discrepancies

Motion to dismiss ticket 024473 because the defendant was charged with 39-4; 98 which

is not an offence. There is no lessor included offence so the ticket cannot be amended. See State v. Green Page 2 footnote.

Motion to dismiss Tickets numbers 024474 and 024475 because in a TERRY STOP for ticket 024473 even though the officer thought he was filing a legitimate offence[1] the officer does not have the Constitutional authority to prolong the stop to find other offenses.

AILYN K URZUA                                    Date: 9/14/2023

Attachment;    1. State v. Green Order from Appellate Division

---

[1] The Ticket book provided by the state has the wrong offence cited for speeding in the cover page. The officer was ignorant of the fact that he was wrong. I suggest the court dismiss for failure to state a cause of action so as not to create a lot of me too's

AVON BY THE SEA MUNICIPAL COURT
701 MAIN STREET
BRADLEY BEACH NJ 07720

---

|                              ]    DEFENDANT'S
                                    DEMAND FOR FAIR
                                    TRIAL IN A
                                    CONSTITUTIONAL
                                    COURT OF LAW

STATE OF NEW JERSEY            ]

V.                             ]

                               ]

AILYN K URUZA

---

## DEFENDANT IS RAISING SEVERAL CONSTITUTIONAL ISSUES HEREIN

1.    Therefor, Defendant hereby invokes NJRE 201(d)  Requiring this honorable

court to take Judicial notice of all the things referred to in NJRE 201(a), and the

Constitutions of this Country and State.

2.    Amendment 14, Paragraph 1 of the UNITED STATES CONSTITUTION

3. Defendant may renew her application for an in-person trial, but consistent with the Supreme Court Directive, "the judge, not the parties, determines the format of court proceedings;" and

4. A copy of this order shall be served electronically to all parties within 3 days.

*Michael A. Guadagno*

MICHAEL A. GUADAGNO, J.A.D.
(Retired and temporarily assigned on recall)

Original:   Criminal Division Manager
Copy:       Defendant, Allyn K. Urzua,
            Monmouth County Prosecutor's Office
            Avon Municipal Court
            James Newman, P.J.M.C.

states that "....No state. . . shall . . . deprive any person of life, liberty or property, without due process of law. . ."

3.     Due process includes the right to confront witnesses testifying for the government by among other things cross examining them while observing their demeanor,  and subpoenaing witnesses for the defense (where would the subpoena require their appearance)


ALYLN K URZUA                                    Date; 9/15/2023


Attachments        1.    NJRE 201
                   2.    Replaces Old Rule 9

**PREPARED BY THE COURT**



JAN 0 4 2024

Michael A. Guadagno, J.A.D. (ret. and t/a)

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

AILYN K. URZUA,

    Defendant-Appellant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – CRIMINAL PART
MONMOUTH COUNTY

Municipal Appeal MA 23-035
Avon Municipal Court (1306)
Summons Nos. ABS 024473; 023374; and
024475

**CASE MANAGEMENT ORDER**

**THIS MATTER** having been opened to the court by defendant, Ailyn K. Urzua, appearing pro se and seeking de novo review of the order of the Avon Municipal Court determining that defendant's trial on charges of speeding, N.J.S.A. 39:4-98; operating an unregistered vehicle N.J.S.A. 39:30-4; and interfering with other vehicles, N.J.S.A. 39:127; would proceed in a virtual format; and

**WHEREAS,** on March 30, 2023, the Judicial Council approved internal protocols to support consistency in implementation of the Supreme Court's October 27, 2022, Order with regard to the format of court proceedings in the trial courts; and

**WHEREAS,** these protocols provide that matters in municipal courts that do not involve a reasonable likelihood of a jail sentence or loss or suspension of license will continue to he heard in a virtual format;

**THEREFORE,** on this 4th day of January 2024, it is **ORDERED:**

1. Defendant's request that this court order that her trial be held in-person is **DENIED**; and

2. This matter is **REMANDED** to the municipal court for a trial on the above-referenced charges; and

3. Defendant may renew her application for an in-person trial, but consistent with the Supreme Court Directive, "the judge, not the parties, determines the format of court proceedings;" and

4. A copy of this order shall be served electronically to all parties within 3 days.

*Michael A. Guadagno*

MICHAEL A. GUADAGNO, J.A.D.
(Retired and temporarily assigned on recall)

Original:   Criminal Division Manager
Copy:       Defendant, Ailyn K. Urzua,
            Monmouth County Prosecutor's Office
            Avon Municipal Court
            James Newman, P.J.M.C.



**BOB VINIK, Pres.**
**710 8th Av.  Apt 2 C**
**BELMAR, New Jersey 07719**
**908 768-8783**

February 21, 1995

Hon. Sylvia Pressler, P.J.A.D.
Superior Court, Appellate Division, Part E
Hughes Justice Complex, CN-006
Trenton, N.J. 08625

Re: <u>DOE v. DOE</u>  A-4138-93-T2

Dear Judge Pressler:

I assisted Mr. Ron DOE in drafting his brief, researching case law and preparing for trial before you.  As you may recall, I appeared with Mr. DOE at the respondent's table and requested the Court's leave to aid him in the presentation of his response to the appeal filed by his adversary and briefed by Amicus ACLU and Rutgers University Constitutional Law Clinic.  You did not object to my assistance and agreed to allow me to remain at council table until the question was asked, "Was I an attorney?"  When I answered in the negative you summarily told me that I was not allowed to assist Mr. DOE and would have to be seated in the audience.  I did not object, at that time, only because the matter before the court was of extreme importance to a four year old girl and I did not wish to engage in a debate with you over a collateral issue that would detract from the seriousness of the matter sub judice.  I also felt that we had prepared Mr. DOE reasonably well to address the Court.  We prevailed against formidable adversaries.

For the aforementioned reasons I request that you accept this letter as a motion to be considered nunc pro tunc as if raised orally before you on the day of trial, but only on the issue raised herein for the purpose of guidance for future cases.  Where a court's judgment adverse to a litigant may have collateral legal consequences, the issue is not necessarily moot unless it is shown

1

that there is no possibility of any collateral legal consequences.  But, alternatively a court may decide a moot case or determine a moot question where it is in the public interest, as guidance for future cases.

Now that the underlying matter is decided, in favor of my client, I wish to address the important issue of assistance of counsel by competent non-attorneys.  Mr. DOE and many of our members are unable to afford One Hundred And Fifty Dollars or more per hour for attorneys. The choice must not be constrained by the very court that is charged with the administration of justice to be:  A) an expensive attorney that cannot be afforded, or  B) proceed pro se with limited or no experience or knowledge of the workings of a court system that with deliberation uses Rules and even a lost language (Latin) that is designed not to be understood by the very people that are the recipients of it's Constitutionally mandated service.  The disservice derived therein is substantially greater than the service provided.

In the matter sub judice Mr. DOE had no resources to retain a professional attorney and was at a loss as to how to proceed.  Legal aid refused his request for help because his was a civil matter.  His adversary had sent him a letter directing that he could not present to the Court any evidence of the sexual abuse endured by his daughter.  This issue presented to our member the kind of dilemma an  "unschooled in the law"  Father could not make without the very aid he could not afford.  The National Council For Children's Rights in Washington D.C. referred him to me.  I advised him that he could disregard his adversary's direction.  His adversary subsequently moved this Court to throw out that crucial evidence and was denied.

Mr. DOE and I sincerely believe that justice was done in this matter only because of the effective assistance of New Jersey Council For Children's Rights' competent non-attorney members.  We do not claim to be attorneys nor do we hold our selves out to be an alternative to competent legal advice.  The only claim we make is that we are better than the alternative Mr. DOE faced: no legal aid whatsoever.  It is a dilemma of major proportions that this state has more lawyers than it knows what to do with and inexpensive legal aid is not available.

2

I ask that you consider my request to be allowed to assist, Mr. DOE, a member of New Jersey Council For Children's Rights, without funds to retain an attorney, in court. Mr. DOE is not faced with the choice of appearing pro se or retaining an attorney. He is faced with a more demanding dilemma: should I go to court and get beat up again by my ex's aggressive attorney or should I give up with out a fight. The courts are intended to be a place where citizens can settle their disputes in a civilized manner. However, civilized is the last thing that our courts appear to the common man to be. He needs help. It is not his fault that the only help is costly beyond his means. An affordable alternative must be made available.

Although this letter motion may be deemed unusual it is not without precedent. The Federal courts, the Circuits and the U. S. Supreme Court have addressed this issue and permitted competent non-attorneys to assist other litigants.

The first amendment right to speak for or against a cause does not end at the courthouse door. "A state cannot foreclose exercise of constitutional rights under First Amendment by mere labels. . . [A] State may not, under guise of prohibiting professional misconduct by attorneys, ignore constitutional rights under the First Amendment." *NAACP v. Button, 83 S. Ct. 328, 371 U.S. 415, 9 L.Ed.2d 405  (1963)*

"The preparation of petitions must never be considered the exclusive prerogative of the lawyer. Laymen --- in and out of prison --- should be allowed to act as "next friend" to any person in the preparation of any paper or document or claim, so long as he does not hold himself out as practicing law or as being a member of the Bar. . .Reasonable access to the courts is a right (secured by the Constitution and the laws of the United States), being guaranteed as against state action by the due process clause of the Fourteenth Amendment." *Johnson v. Avery, 393 U.S. 483, 498; 89 S. Ct. 747 (1969)*

"Members of groups[1] who are competent non-lawyers can assist other members of the group to achieve the goals of the group in court without being charged with "unauthorized practice of law. . . .A state cannot, by invoking the power to regulate the professional conduct of attorneys, infringe in any way the right of individuals and the public to be fairly represented in lawsuits authorized by Congress to effectuate a basic public interest. Laymen cannot be expected to know how to protect their rights when dealing with practiced and careful adversaries (*Gideon v. Wainwright, 372 U.S. 335*), and for them to associate together to help one another to preserve and enforce rights granted them. . .cannot be condemned as a threat to legal ethics." *Brotherhood of Railway Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 7* .  See also:  *United Mine Workers v. Illinois Bar Association, 389 U.S. 217,  Sierra Club v. Norton, 92 S.Ct.1561,  United Mine Workers v. Gibbs, 383 U.S. 715*

There is no question that American citizens have the right to represent one another in the courts.  The U.S. Supreme Court has said:  "There is room for the intelligent layman to practice law where lawyers cannot or will not." *Johnson v. Avery , 89 S.Ct. 747.*

". . . [A] legislative presumption is invalid when it is entirely arbitrary, or creates an invidious discrimination, or operates to deprive a party of a reasonable opportunity to present pertinent facts in his defense."  *Bandini Co. v. Superior Court, 284 U.S. 8, 18-19 (1931)*

"[A] state may not pass statutes prohibiting the unauthorized practice of law or to interfere with the Right of the Freedom of Speech, secured in the First Amendment.  Anyone, not a lawyer, trying to help another [or seeking help] to

---

[1]   Bob VINIK and Ron DOE are members of the New Jersey Council For Children's Rights, a group similar to that described in *Brotherhood of Railway Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 7*

4

gain access to the courts cannot be denied the right under Freedom of Speech, Due Process and Equal Protection guarantees of the United States Constitution.

If there is any truth to the old proverb that "One who is his own lawyer has a fool for a client," the Supreme Court, by its opinion today, now bestows a constitutional right to one to make a fool of himself." (Justice Blackmun) *Faretta v. California, 422 U.S. 806 (1972)*

If a law has no other purpose than to chill assertion of constitutional rights by penalizing those who choose to exercise them, it is patently unconstitutional. *Shapiro v. Thompson, 89 S.Ct. 1322, 394 U.S. 618, 22 L.Ed.2d 600 (1969)*

". . . .Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them."   *Miranda v. Arizona, 380 U.S. 436 (166)*

The ability, for example, of an "unschooled in the law" citizen to enforce his Constitutional rights under the Fifth Amendment is severely diminished without counsel. For Mr. DOE who is unable to afford licensed counsel and is unschooled in the law, to be denied assistance of a competent non-attorney "next friend" in defense of his legal battle, begun by his adversary and aided by ACLU and Rutgers' Constitutional Law Clinic, appearing as Amicus spells doom. Even more persuasive is the fact that the forces of doom in reality were aimed at his four year old daughter. The arguments that protect a litigant from abuse are involved and oblique. To deny Mr. DOE aid from a competent non-attorney when that is clearly his last resort is to deny him access to the courts.

He cannot put up sustained combat without help. While the claim itself must be made in person by the claimant, it cannot be made without either knowledge or competent advice. "The privilege against self incrimination is neither accorded to the passive resistant, nor the person who is ignorant of his rights, not to one indifferent thereto. It is a fighting clause. Its benefits can be retained only by sustained combat. It cannot be claimed by an attorney or solicitor. It is valid

5

only when insisted upon by a belligerent claimant in person." *U.S. v. Johnson, 76 F.Supp. 538*
Without the aid and advice received from the NJCCR pro se team Mr. DOE would not have been
able to submit a brief and most assuredly would have lost the most important battle in his
daughter's life.

"All the procedural safeguards guaranteed by the Constitution to one hailed into court for
any reason must be enforced. "One need not be a criminal to claim Fifth Amendment privilege.  It
applies to civil suits as well."   *Isaacs v. United States, 256 F.2d 654; 297 U.S. 1.*  Although it
is clear that Mr. DOE's case did not hinge on the Fifth Amendment, the need to be educated in the
law is the fundamental underpinning of any defense.  In most all defenses and offensive actions
too, the litigant is well served to follow the advice in *Johnson Supra*  and be a belligerent
combative litigant.

"It is the duty of the courts to be watchful for the Constitutional Rights of the citizen,
against any stealthy encroachments thereon."   *Boyd v. U.S., 116 U.S. 616, 635 (1885)*

Furthermore, New Jersey law, 2A:170-82 (c) exempts:
> ". . .Any organization, either corporate or otherwise, organized for
> or doing charitable or benevolent work or rendering assistance to
> persons without means in pursuit of any legal remedy, from
> carrying out such charitable objects or from rendering such
> charitable assistance."

The New Jersey Council For Children's Rights is organized for and has been doing "such
charitable assistance" for several years.  The lay members of the pro se litigation team is
comprised of competent non-attorneys and law school students that volunteer or are compensated
by NAPIL grants (National Association of Public Interest Law, Wash. D.C.) for law student
assistance.  Additionally, Bob Vinik and several other members of the team are volunteers at the
Prisoners Self Help Litigation Clinic at Seton Hall Law School.  The Clinic is a joint project of

ACLU and Seton Hall Law School.  It is directed by staff attorney Audry Bumsey, a Seton Hall law professor.[2]

Accordingly, we, New Jersey Council For Children's Rights and Bob Vinik, request this court permit Bob Vinik and other competent non-attorney members to assist our members in achieving our goals in court.  The fundamental fairness of allowing a competent non-lawyer to assist a person appearing pro se who has limited experience in court and cannot afford an attorney, is obvious, notwithstanding the legitimate goal of protecting the public from incompetent practitioners that might pray on them.

Our members are well aware that I am not an attorney.  You should also be aware that I have never held myself out to be an attorney or member of any bar, nor do I charge a fee for any assistance I render.

**THE CONSTITUTIONAL GUARANTEES DO NOT
END AT THE COURTHOUSE DOOR.**

Respectfully,


Bob Vinik, Chair Pro Se Team &
Director, New Jersey Council For Children's Rights

---

[2]  The matter before this court is not connected with the clinic.

SUPERIOR COURT OF NEW JERSEY
FREEHOLD, NEW JERSEY

_____

|  |  |
|---|---|
| ] | Docket No---------------------------- |
| ] |  |
| STATE OF NEW JERSEY  ] | APPELLANT'S |
| ] | AMENDED BRIEF |
| v.  ] |  |
| ] |  |
| AILYN  K. URUZA  ] | AVON MUNICIPAL COURT |
| ] | Tickets: 24473, 24474, 24475 |

_____

On the brief: BOB VINIK
908-768-8783

Dear Judge Please accept this less than formal, amended letter Brief[1].

1.   On July 16, 2023  DEFENDANT/APPELLANT was stopped for exceeding the speed
     limit and ticketed for the following offences:

          1.   Ticket no 24473  39:4-98   42 Mph in a 30 Mph speed limit

          2.   Ticket no 24474  39:3-4

          3.   Ticket no24475   3:4-12 7   (copies of all 3 attached)

2.   On Tuesday October Seventeenth[2] 2023 this defendant called the court for as required for
     a Zoom hearing. She requested if the court had responded to her written submissions and
     was not replied to. She then requested to have a trial to present her case, the judge
     refused. He then said that if you are not satisfied, you may appeal. She responded

---

[1]   Additional legal info was discovered (Stalker Radar device not certified)

[2]   Corrected date error

1

"OKAY" and the zoom call was terminated.  A municipal court trial was not held., and this appeal was produced  Furthermore, Defendant/Appellant hereby invokes N.J.R.E. 201(d) Requiring this court to take judicial notice of all the things mentioned in N.J.R.E. 201 (a) and the constitutions of our country and state.

3.   Defendant/Appellant is charged with speeding 39:4-98, in a 30 MPH zone. Title 39:4-98, is a statute that specifies what the speed limits on the roadways of New Jersey are.  The speed limits specified therein are 25 Mph, 35 Mph and 50 Mph and it also allows other speed limits if an engineering or speed study is completed and approved by the commissioner. Therefore 30 Mph is not a legal speed limit.  Defendant's discovery request asked for the aforementioned speed studies but none was provided[3].  Therefor, the 30 Mph speed limit was not proven as a legal speed limit. The speed limit if testified to by a States witness is a rebutable presumption, at least. The defendant has rebutted it herein, even though the courts are reluctant to give the Government's witness that presumption. From the officers position with the Radar unit looking south toward the approaching traffic there was no business or residences as far as the borough of Belmar, therefore pursuant to 39:4-98  the speed limit was fifty 50 MPH[4].

4.   Therefore the testimony of the officer of a speed limit, if any, and the rebuttal herein is standard evidence to be believed as presented, with no presumption, And, if any, it has been effectively rebutted, as has been accomplished herein.

>    "Although we reaffirm **Craig's** general approach to the issue, we reject the suggestion that the officer's testimony creates a "reputable presumption" of the lawful speed in the area. In the absence of any specific statutory language, it has been noted that "[c]ourts are generally reluctant to create presumptions." Biunno, *N.J. Rules of Evidence,* comment 1 on **N.J.R.E. 301** (2007)." **State of New Jersey vs Morgan  393 N.J. Super. 411; 923 A.2d 359; 2007 N.J. Super. LEXIS 173(2007)**.

---

[3]   Appellants's Discovery Request is attached.

[4]   If the Government wished to prove this speed limit, it must have submitted the speed study and approval by the commissioner.

**5.**     The Stalker Radar unit used by the officer  is not a device approved by the

Appellate division. See **STATE v GREEN** (attached, page 27)

```
"...we do not know whether the accuracy of the Stalker
Lidar device has been established through independent
testing. Id. at 228. In short, the device has not been
established as scientifically reliable in New Jersey,7 which
Boyington, supra, 153 N.J. Super. at 254, requires.  As a
consequence, it may not be used in the trial courts as proof
of speed until its accuracy has been established at least
through the minimal type of testing used to establish the
scientific reliability of the LTI Marksman 20-20. See Laser
II, supra, 314 N.J. Super. at 237-50..."
```

6.     Furthermore, the statute that prohibits speeding is 39:4-99[5].  However, defendant/appellant

is charged with 39:4-98 which can not be amended because there is no "Lessor Included

Offence" therein.

7.     Although it appears that the officer thought he was operating in accord with the law, he was

not. This TERRY STOP[6]  for a speeding violation did not result in an offence for speeding,

therefor everything that occurred thereafter was an illegal extension of the TERRY STOP

and the other two tickets must be dismissed also.

8.     Defendant submitted these arguments to the Municipal Court but the court did not make any

response thereto The submissions submitted are attached:

1.     Defendant's demand for a Trial in a Constitutional Court of Law

2.     Notice of Motion To Dismiss

---

[5]     See STATE v. GREEN A-6199-08T4  page 2 footnote (Copy Attached)

[6]     TERRY v. OHIO 392 U.S.  1 1968

9.   Problems with discovery:

|     |                                         |                                                                                  |
|-----|-----------------------------------------|----------------------------------------------------------------------------------|
| 1.  | Copies of both sides of tickets         | Provided                                                                         |
| 2.  | Copies of any notes                     | Presumed there are none                                                          |
| 3.  | Description of radar                     | Provided                                                                         |
| 4.  | Device certification by appellate Ct     | Wrong info. An old case that is overturned by State v Green                      |
| 5.  | History of officers training            | Provided                                                                         |
| 6.  | Training manuals from manufacture        | Provided                                                                         |
| 7.  | Manuals from NJ with procedure           | Not Provided                                                                     |
| 8.  | Officers log book of tickets issued      | Not provided                                                                     |
| 9.  | Witness list                             | Not provided                                                                     |
| 10. | List of officers discipline              | Not provided                                                                     |
| 11. | Repair and calibration history of radar  | Calibration only                                                                |
| 12. | Engineering or speed study               | Not provided                                                                     |
| 13  | Any other exculpatory info               | None provided                                                                    |

Because the discovery was not completed the tickets must be dismissed or the government must be required to complete discovery. See STATE v. GREEN throughout.

10.   On information and belief the discovery was produced by an AVON Police officer. Since a member of the police department is the complaining witness they have a fiduciary interest in the outcome of this litigation. That's why the responsibility of completing discovery is required by law to be on the prosecutor, not the police department. If the prosecutor does not perform this task, the discovery produced is not legal discovery as required by law.

> "...there are very good reasons for settling this responsibility upon the prosecutor and no one else..... It {*555} makes no sense to require witnesses to respond to discovery demands, particularly not witnesses whose interests may be adverse to defendants who make discovery requests..... R. 3:13-3 says that the prosecutor has the discovery responsibility; there is no reason to read it any other way...." **State v Polasky 216 N.J. Super. 549, 524 A.2d 474 (1986)**

4

ALYLN K. URZUA          Date: 11/9          2023


I, ALYLN K. URZUA, hereby certify that everything stated herein is the truth to the best of my knowledge. If any willingly submitted untruths are discovered herein I understand I am subject to punishment.

ALYLN K. URZUA          Date: 11/9          2023

2024 JAN 22 P 2:39

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
CLERK

5