<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVON MUNICIPAL COURT,<br><br>         Plaintiff,<br><br>    v.<br><br>AILYN K. URUZA,<br><br>         Defendant. | Civil Action No. 24-00383 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**<u>CASTNER, District Judge</u>**

This matter comes before the Court upon its *sua sponte* examination of its subject-matter jurisdiction, under 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure (Rule) 12(h)(3), over pro se Defendant Ailyn K. Uruza's removal of traffic-court proceedings from Avon Municipal Court to federal court. (ECF No. 1.) Uruza seeks this Court's review of (1) the Avon Municipal Court's order that Uruza's trial on three traffic-offense charges would proceed in a virtual format rather than in person, and (2) Avon Municipal Court personnel's refusal to allow "Lay Council" to appear on behalf of Uruza. (*Id.* ¶¶ 1-3; ECF No. 1-1 at 10.) Uruza alleges that these acts violated her constitutional rights to due process, a fair trial, and counsel of choice. (ECF No. 1 ¶ 5.)

The Court must construe a pro se pleading liberally and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit bald assertions

or legal conclusions, *id.*, and a pleading is frivolous if it lacks an arguable basis in law or fact or contains "inarguable legal conclusion[s]," *Neitzke v. Williams,* 490 U.S. 319, 325, 328 (1989).

A federal district court may not exercise jurisdiction over a municipal court proceeding. *See Jefferson El Bey v. N. Brunswick Mun. Ct.*, Civ. No. 08-2825, 2008 WL 2510725, at *1 n.2 (D.N.J. June 19, 2008) (collecting cases where Courts of Appeals dismissed appeals of orders dismissing "notices of removal" of proceedings concerning municipal citations); *Testa v. Hoban*, Civ. No. 16-55, 2016 WL 4820631, at *9 (D.N.J. Sept. 14, 2016) (same); *New Jersey v. Shokirjoniy*, Civ. No. 18-8619, 2020 WL 2832580, at *1 (D.N.J. May 29, 2020) (rejecting an allegation of a conflict of interest as a basis for removing a municipal case to federal court).

To challenge a municipal court's order, as Uruza does here, the proper procedure is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court. *D.C. Ct. of Apps. v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.,* 263 U.S. 413, 414-16 (1923). The *Rooker-Feldman* doctrine prohibits adjudication of an action where the relief sought would require a federal court to either determine whether a municipal court's decision is wrong or void that decision, preventing the municipal court from enforcing its orders. *See McAllister v. Allegheny Cnty. Fam. Div.*, 128 F. App'x 901, 902 (3d Cir. 2005). If the initial federal pleading is a complaint, it should be dismissed; if it is a notice of removal, the case should be remanded. *See State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 242-43 (D.N.J. 2002) (remanding action to state court, as removing party sought review of state court judgment).

To the extent that Uruza seeks mandamus relief, the Court lacks the authority to provide such relief: "federal courts . . . have no general power in a mandamus action to compel action . . . by state officials." *In re Jones*, 28 F. App'x 133, 135 (3d Cir. 2002).

Nor is the matter within this Court's original jurisdiction, as required by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "A defense that raises a federal question is inadequate to confer federal jurisdiction," *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)), as is a counterclaim, *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (noting that the assertion of a counterclaim is "irrelevant to whether the district court had 'original jurisdiction' over the civil action").

Here, Uruza's federal claim is based on her assertion that Avon Municipal Court violated her constitutional rights during the municipal case. But the municipal case involved citations under local laws, not claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, this Court lacks original jurisdiction over the municipal case. *See Mount Laurel Twp. v. Charernsook*, Civ. No. 23-21081, 2023 WL 7014223, at *4 (D.N.J. Oct. 24, 2023) ("[T]he presence of a counterclaim or defense is inadequate to confer federal question jurisdiction.").

Finally, Uruza's pleadings do not suggest that removal may be available under 28 U.S.C. § 1443(1),[1] which authorizes removal of a state action when the defendant "is being deprived of

---

[1] Section 1443(2), which permits removal where a civil action has been initiated against a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," is inapplicable here.

rights guaranteed by a federal law 'providing for . . . equal civil rights' and cannot enforce those rights in state court." *Wilmington Sav. Fund Soc'y v. Velardi*, 803 F. App'x 572, 573 (3d Cir. 2020) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)).

Uruza asserts that Avon Municipal Court's refusal to conduct an in-person trial or allow "Lay Council" to appear on her behalf violated her constitutional rights to due process, a fair trial, and counsel of choice. But as pled, Uruza's allegations do not imply a violation of rights guaranteed by a federal law providing for equal civil rights, as they must for purposes of § 1443(1). *See State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) (construing "equal civil rights" to mean federal laws that specifically guarantee racial equality); *St. James Assocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003) (explaining that the defendant's claim under the Equal Protection Clause failed to demonstrate removal under § 1443 because it does not include specific language of racial equality).

Nor do Uruza's pleadings suggest that New Jersey's courts are incapable of protecting Uruza's rights to equal treatment regardless of an asserted equal civil right. *See, e.g.*, *Brown v. Moore*, 366 F. App'x 327, 329 (3d Cir. 2010) (rejecting propriety of removal that was based on unsubstantiated allegations that presiding state court judge was biased and noting that defendant "alleged nothing that cannot be redressed if appropriate with the state court system itself").

For the reasons set forth above, and other good cause shown,

**IT IS** on this 28th day of March 2024, **ORDERED** as follows:

1. This case is **REMANDED** to the Avon Municipal Court.

2. The Clerk's Office is directed to **CLOSE** this case.

3. The Clerk's Office is directed to transmit to the Clerk of the Avon Municipal Court a letter enclosing a certified copy of this Memorandum Order.

4

4. The Clerk's Office is directed to mail Defendant a copy of this Memorandum Order.

*[signature]*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**